**Frank Roy BROWN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–386.**

Court of Criminal Appeals of Oklahoma.
April 10, 1974.

**420**

Robert S. Durbin, Asst. Public Defender, Allen M. Smallwood, Legal Intern, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., M. Joe Crosthwait, Jr., Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frank Roy Brown, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, for the offense of Assault and Battery With a Dangerous Weapon, after Former Conviction of a Felony, Case No. CRF–73–489. His punishment was fixed at a term of five (5) years in the state penitentiary. From said judgment

and sentence, the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts are that on March 15, 1973, at approximately 9:00 p.m., Officer Hill and Officer Pradmore, of the Tulsa Police Department, were patroling in their assigned district. They observed a 1964 Ford Falcon in the three hundred block of East Apache with a female subject driving. The automobile and the female subject fit the descriptions described in an outstanding Felony Warrant. The automobile was stopped, and while Officer Pradmore was talking to the occupants of the automobile, the defendant approached the automobile and started making gestures behind Officer Pradmore's back. Officer Hill motioned for the defendant to move away from Officer Pradmore. Officer Hill then asked for identification from the defendant with the defendant refusing to show him identification and stating, "you will have to shoot me first." (TR 15) Thereafter, a struggle between Officer Hill and the defendant ensued. Approximately four or five other police officers were called to the scene to aid in subduing the defendant. The defendant was handcuffed and placed in a police car. At this time Sergeant Ladd arrived at the scene and walked in front of the police car in which the defendant was seated. The defendant yelled out "I'm going to kill one of you honky" (TR 120). The police car then started forward at a fast acceleration striking Sergeant Ladd and another police car.

One of the police officers at the scene opened the door and turned the ignition key off, at which time the defendant stated, "I hope I killed the son-of-a-bitch." (TR 197)

The defendant's first proposition asserts that the trial court erred in allowing the State to bring into issue the defendant's character in absence of defendant first placing his character in issue.

The record reveals that the defense counsel, on cross-examination, inquired of one of the State's witnesses (Officer Prad-

more), if he had ever arrested the defendant before. Then on re-direct examination, the State was allowed, over defendant's objections, to inquire for what the defendant had been arrested.

■ The record further reveals that the trial court made the following ruling when the defendant objected:

"The Court has determined to its satisfaction and from what the Court recalls the question was posed to this witness from the Court's notes as well as a review of the record, that counsel for the defendant directly inquired of this witness on cross-examination whether or not this witness had ever arrested the defendant on a prior occasion. This being the case, the Court concludes that the defendant himself has opened up inquiry by reason of the question propounded to this witness as to prior arrest made by this witness of the defendant and, by reason thereof, the defendant's objection to the last question will be overruled with exception allowed to the defendant herein."

It is our opinion the trial court properly ruled the defendant opened up the inquiry as to the defendant's prior arrest. We, therefore, find no error in the trial court's allowing the State to examine Officer Pradmore on re-direct examination as to the prior arrests of the defendant. See Rogers v. State, 8 Okl.Cr. 226, 127 P. 365 (1912) for an analogous situation.

■ Defendant's second proposition asserts error in the trial court's giving instruction No. 5 which was the court's sentencing instruction in the second stage of the trial. Instruction No. 5 indicated to the jury that if they found defendant guilty of a prior felony, then and in that event, they should impose a sentence not to exceed ten (10) years. The defendant's argument is that this instruction precluded the jury from assessing the optional punishment of one (1) year in the county jail in the event they found the defendant guilty of a prior felony. Title 21 O.S.1971, § 51 states in pertinent part:

2. "If such subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment *in the penitentiary for five years, or any less term,* then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years." (Emphasis added)

And 21 O.S.1971 § 645 provides:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, *is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year.*" (Emphasis added)

It is therefore, our opinion that as § 645, supra, provides for a maximum punishment of five years in the state penitentiary, then under § 51, supra, the punishment for a person found guilty under § 645, supra, after Former Conviction of a Felony is a term in the penitentiary not exceeding ten years and the jury should only consider the optional punishment when they find the defendant not guilty of a prior felony under § 645, supra. We, therefore, find no error in the trial court's submitting instruction No. 5 to the jury. See Watson v. State, 94 Okl.Cr. 90, 231 P.2d 380 (1951).

Finding no error sufficient to warrant modification or reversal, it is our opinion that judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.